**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HECTOR SANDOVAL-PEREZ,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No.   18-71582

Agency No. A092-637-831

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 14, 2022[**]
Las Vegas, Nevada

Before: KLEINFELD and BENNETT, Circuit Judges, and COGAN,[***] District
Judge.

    Petitioner Hector Sandoval-Perez, a native and citizen of Mexico, seeks

review of a decision of the Board of Immigration Appeals ("BIA") denying his

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Brian M. Cogan, United States District Judge for the
Eastern District of New York, sitting by designation.

motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a) and deny the petition.

The BIA's denial of a motion to reopen is reviewed for abuse of discretion. *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). A motion to reopen must generally be filed no later than ninety days after the final administrative decision. 8 C.F.R. § 1003.2(c)(2). This deadline does not apply if the motion to reopen is to apply for asylum based on changed circumstances in the country to which removal has been ordered and is based on material evidence that was unavailable or undiscoverable at the prior hearing. *Id.* § 1003.2(c)(3)(ii). Sandoval-Perez, who filed the instant untimely motion to reopen in 2017 after the BIA dismissed his appeal and denied his motion to reconsider in 2004, argued that this exception applied to him.

The BIA found that it lacked jurisdiction over Sandoval-Perez's asylum application because he was not physically present in the United States. We agree. Sandoval-Perez, who currently resides in Mexico, is statutorily ineligible for asylum. *See* 8 U.S.C. § 1158(a)(1) ("Any alien who is physically present in the United States . . . may apply for asylum."). The BIA correctly found that it lacked the authority to parole Sandoval-Perez into the United States to consider the application. That authority lies with the Secretary of Homeland Security. 8 C.F.R. § 212.5. We therefore need not reach Sandoval-Perez's arguments regarding

changed circumstances or prima facie eligibility.

Sandoval-Perez's argument that the BIA should remand for him to pursue cancellation of removal for certain lawful permanent residents was waived on appeal. *See Castro-Perez v. Gonzalez*, 409 F.3d 1069, 1072 (9th Cir. 2005).

**PETITION DENIED.**